# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DAVID T. FRAZIER**  **PLAINTIFF**
Reg. #42582-074

v.           No: 2:20-cv-00220 LPR-PSH

**BUREAU OF PRISONS,** *et al.*           **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff David T. Frazier filed a *pro se* Petition for a Preliminary Injunction on November 2, 2020, which was docketed as a complaint (Doc. No. 1). In the Court's initial order for *pro se* prisoner plaintiffs ("Initial Order"), Frazier was notified he must comply with Local Rule 5.5(c)(2), which provides that if any communication from the Court is not responded to within thirty days, the case may

be dismissed without prejudice (Doc. No. 2). The Court also instructed Frazier to return a completed *in forma pauperis* ("IFP") application, including an accompanying affidavit and jail account information sheet, or pay the $400.00 filing and administrative fees within 30 days. *See* Doc. No. 2. Frazier was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).

More than 30 days have passed since the Court's Initial Order was mailed to Frazier on November 4, 2020, and Frazier has not complied or otherwise responded to the order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.[1] *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

---

[1] This lawsuit may also be subject to dismissal because it was filed in the wrong judicial district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Frazier was incarcerated at the Federal Correctional Institutional in Memphis, Tennessee when he filed this case seeking an injunction, but it is not clear where the defendants reside. *See* 28 U.S.C. §1391(b) (providing that a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred).

It is therefore recommended that Frazier's complaint (Doc. No. 1) be dismissed without prejudice.

DATED this 13th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE